FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 21 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG F. CHANLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MARSHAL, DR. BONNHEIM, CALIFORNIA MEN'S COLONY,<br><br>Respondents. | NO. SACV 08-1127-JSL (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

On October 9, 2008, Petitioner Craig F. Chanley, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Central District of California. The Petition contains one ground for relief. Petitioner contends that Dr. Bonnheim's refusal to close the colostomy has caused Petitioner pain and reduced the qualify of life, and constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Petition at 5.)

Petitioner's claim is not cognizable under habeas because Petitioner does not attack the validity of his conviction or sentence. The Petition expressly states that Petitioner was "satisfied" with his sentence in exchange for a plea of guilty. (Petition at 3.) Moreover, in response to the question as to what the Petition

1  concerns, Petitioner did not check the box for a conviction, sentence, prison
2  discipline, or parole. Instead, Petitioner checked the box for "other" and wrote
3  "medical condition (seeking injunctive relief)." (*Id.* at 2.) Petitioner alleges that
4  his medical care at the prison constitutes cruel and unusual punishment in
5  violation of the Eighth Amendment. (*Id.* at 5.)

6      A prisoner who challenges the conditions of confinement in prison must file
7  a civil rights complaint. "Suits challenging the validity of the prisoner's continued
8  incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a
9  proper remedy for a state prisoner who is making a constitutional challenge to the
10  conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez*
11  *v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411
12  U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)), *cert. denied*, 541 U.S.
13  1063 (2004).

14      Rule 4 of the Rules Governing Section 2254 Cases in the United States
15  Courts provides that "[i]f it plainly appears from the petition and any attached
16  exhibits that the petitioner is not entitled to relief in the district court, the judge
17  must dismiss the petition and direct the clerk to notify the petitioner."

18      Here, summary dismissal is warranted because the Petition, on its face,
19  does not state a cognizable claim for federal habeas relief. The Clerk will be
20  directed to send Petitioner a prisoner civil rights packet in the event he decides to
21  file a complaint under 42 U.S.C. § 1983.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk send to Petitioner a prisoner civil rights packet.

DATED: October 16, 2008

_____
J. SPENCER LETTS
United States District Judge